# United States Tax Court

T.C. Summary Opinion 2023-21

ARIANA K. UCHIZONO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 958-18S.                               Filed June 21, 2023.

————————

*Larry D. Vince*, for petitioner.

*Samuel M. Warren* and *Stephanie A. Kingsley*, for respondent.


SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 17, 2017 (notice), respondent determined a deficiency in petitioner's 2014 federal income tax and a section 6662(a) accuracy-related penalty.

Respondent now concedes the accuracy-related penalty; the issue for decision is whether petitioner is entitled to deductions for education

———————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

expenses incurred in 2014 while pursuing a master of business administration (M.B.A.) degree from University of California, Los Angeles (UCLA).

*Background*

Some of the facts have been stipulated and are so found. When the petition was filed, petitioner resided in California.

Petitioner graduated with a liberal arts degree in Spanish and French from Occidental College in 2012. Soon thereafter she began working for Inline Translation Services, Inc. (Inline), as a translation services coordinator.

The description of petitioner's position with Inline indicates that her duties were as follows:

> The incumbent handles customer inquiries, develops price quotes for written translations, prepares written proposals, evaluates and selectively extends credit to new clients, selects and manages translation project teams (translators, editors, typesetters), develops and maintains multilanguage technical glossaries, edits one or more foreign languages including Spanish, uses translation memory tools on larger projects and for repeat customers, and formats final documents, manages desktop publishing tasks, proofreads final copy and prepares invoices.

At Inline, petitioner was also responsible for managing the budget for each of her projects.

During 2014, while working at Inline, petitioner enrolled as a part-time student in an M.B.A. program at UCLA. Inline did not reimburse petitioner for her M.B.A. expenses, as there was a company policy that employees could receive reimbursement only for foreign language classes. Petitioner completed the M.B.A. program and received her degree in 2017. As relevant, petitioner completed the following courses in the M.B.A. program: Data and Decisions, Organizational Behavior, Leadership Foundation, Financial Accounting, Managerial Economics, Finance Foundations, Marketing Management, Operations Technology Management, Business Strategy, Customer Assessment and Analysis, Consumer Behavior, Negotiations Analyses, and Global Marketing Management.

Petitioner ended her employment with Inline in May 2016. The following month petitioner, as part of an M.B.A. course with the abbreviated name "Intr-Busnss Fld Std," began an internship at Mattel, Inc. (Mattel), as a global consumer insights intern. On LinkedIn, petitioner described her position as an intern with Mattel as:

Designed and coordinated qualitative and quantitative research projects to answer brand and product questions posed by cross-functional teams throughout the organization. Presented research findings to brand and design teams. Wrote and internally distributed reports summarizing research findings and recommendations by telling stories with qualitative and quantitative data. Managed language quality for translations of international surveys and worked with vendors to ensure quality of international data.

Starting in October 2016, after completing the internship, petitioner was hired by Mattel as a senior consumer insight analyst. Mattel did not require an M.B.A. degree as a condition of employment. The job posting under which petitioner applied states that the senior consumer insight analyst's duties include:

Executing qualitative and quantitative research projects, including product development, brand strategy, communication, tracking, and usability research for Mattel brands. Working with suppliers and internal research support services to plan and field primary consumer research projects for Mattel brands. Analyzing data that is gathered (qualitative and quantitative) from both primary research projects and from secondary sources.

Petitioner's primary duty as a senior consumer insight analyst for Mattel was to identify vendors with either qualitative or quantitative expertise to conduct online surveys related to the design and marketing of Mattel products. Petitioner used the data from the online surveys to prepare reports for internal clients in Mattel's design and marketing departments.

Petitioner's 2014 federal income tax return includes Schedule A, Itemized Deductions, on which she claimed an unreimbursed employee business expense deduction for the tuition, fees, and expenses associated

with her M.B.A. program.  That deduction was disallowed in the notice and is here in dispute.

## *Discussion*

As a general rule, the Commissioner's determination of a taxpayer's federal income tax liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous.  Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[2]

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.  Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  Generally, expenditures made by an individual for education are deductible under section 162(a) if the education maintains or improves skills required by the individual in his or her employment or other trade or business, or meets the express requirements of the individual's employer.  Treas. Reg. § 1.162-5(a). Educational expenditures that qualify the taxpayer for a new trade or business, however, are not deductible.  *Id.* para. (b)(2) and (3).

If the education in question qualifies a taxpayer to perform tasks and activities significantly different from those he or she performed before the program, then it qualifies the taxpayer for a new trade or business.  *See Robinson v. Commissioner*, 78 T.C. 550, 552 (1982).  This is ultimately a question of fact.  *Glenn v. Commissioner*, 62 T.C. 270, 277 (1974).

In considering whether a taxpayer has become qualified through an academic degree program for a new trade or business, the Court uses a "commonsense approach" comparing the tasks and activities the taxpayer was qualified to perform before acquiring the degree at issue with those the taxpayer was qualified to perform afterwards.  *See Davis v. Commissioner*, 65 T.C. 1014, 1019 (1976); *Glenn*, 62 T.C. at 275.  The

---

[2] Petitioner does not claim, and the record does not otherwise demonstrate, that the provisions of section 7491(a) need be applied here, and we proceed as though they do not.

relevant inquiry is whether the degree objectively qualified the taxpayer to engage in a new trade or business. *See Robinson*, 78 T.C. at 556–57; *Glenn*, 62 T.C. at 275.

In this case, the courses petitioner took as part of her M.B.A. program qualified her to perform tasks that were significantly different from the tasks she had performed in her employment with Inline. A number of those courses related to research and data analysis. No doubt some of the courses might have refined and improved the skills necessary for petitioner's employment with Inline, insofar as a foundation in accounting, finance, and management could be helpful to anyone involved in the operation of a business. However, petitioner's M.B.A. studies were more specifically oriented towards the job for which she eventually left Inline.

An individual who improves his or her skills in an existing trade or business may also become qualified for a new trade or business and cannot deduct the costs of that education. *Thompson v. Commissioner*, T.C. Memo. 2007-174, slip op. at 5. Petitioner acknowledges that she would not have felt comfortable making certain decisions required in her job with Mattel had it not been for her M.B.A. courses. Specifically, petitioner's data and analysis coursework prepared her to perform her essential role with Mattel, that is, orchestrating qualitative or quantitative online surveys and analyzing the resultant data. Simply put, without the M.B.A. degree petitioner would not have been otherwise qualified for her position with Mattel. For that reason, petitioner's education expenses here in dispute are not deductible.

To reflect the foregoing,

*Decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the section 6662(a) accuracy-related penalty.*